FILED'10 JAN 13 15:11USDC-ORM

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

MIKE MILLER,

                Plaintiff,

     v.

AQUA GLASS, INC.,

                Defendants.

Case Number CV 07-3088-CL

**REPORT & RECOMMENDATION**

Clarke, Magistrate Judge:

      Plaintiff Mike Miller ("Plaintiff") filed claims against Defendant Aqua Glass, Inc. for sexual harassment, retaliation, and wrongful termination.  Defendant filed this motion for partial judgment on the pleadings (Dkt. #46) arguing that Plaintiff's claims are time-barred.

      For the reasons set forth below, this Court recommends denying Defendant's motion.

**I.**      **Background**

      Plaintiff was employed by Aqua Glass from December 29, 2005, through September 21, 2006.  Plaintiff alleges during his employment training manager Megan Williams subjected him

REPORT & RECOMMENDATION    1

to "repeated and continuous unwelcome and injurious sexual and sexually offensive conduct." (Notice of Removal, Ex. 1 ("Complaint"), ¶22.)  Plaintiff alleges that Ms. Williams retaliated against him by constantly criticizing him and exposing him to unwarranted discipline.  He argues Defendant maintained a sexually hostile workplace. (Compl. ¶¶ 16 & 33.)

On or about September 18, 2006, Plaintiff took action in opposition to Ms. Williams after a subordinate employee complained about Ms. Williams's sexually harassing conduct.  (Compl. ¶17.)  Defendant suspended Plaintiff's employment.  (Compl. ¶18.)

On September 20, 2006, Plaintiff reported Ms. Williams's behavior to Defendant's Ethics and Compliance Hotline.  The following day, September 21, 2006, Defendant terminated Plaintiff's employment.  (Compl. ¶ 19.)  Plaintiff alleges that his suspension and later termination were acts of retaliation.  (Compl. ¶ 18-20.)

## II.    Procedural Background

Plaintiff filed a complaint for unlawful employment practices with the Oregon Bureau of Labor and Industries ("BOLI") on December 27, 2006.  On January 12, 2007, BOLI mailed Plaintiff a letter confirming the filing of his complaint.  The letter explained that his complaint met the criteria to be filed under both state and federal law and that his complaint was co-filed with Equal Employment Opportunities Commission ("EEOC").  "The EEOC is our federal counterpart.  Co-filing ensures that the complaint is recorded with both state and federal civil rights enforcement agencies."  (Def.'s Mot. for Partial J. on the Pleadings ("Def.'s Mot."), Ex. 2.)

On August 8, 2007, BOLI sent Plaintiff a letter informing him that his complaint had been closed.  It also notified him of his right to file a civil suit (commonly referred to as a NRTS):

[T]he Oregon Revised Statutes gives you the right to file a suit in state circuit court based on the allegations in this complaint.  This action must be commenced within 90 calendar days from the above mailing date, pursuant to ORS 659A.880.  After 90 calendar days from this date, the right to file in state circuit court is lost.

(Def.'s Mot., Ex. 3 ("BOLI Letter").)

On August 20, 2007, the EEOC also sent Plaintiff a NRTS letter.  It stated

This is your Notice of Right to Sue, issued under Title VII and/or the ADA . . . It has been issued at your request.  Your lawsuit under Title VII or the ADA must be filed in a federal or state court <u>WITHIN 90 DAYS</u> of your receipt of this notice; or your right to sue on this charge will be lost.  (The limit for filing suit on a state claim may be different.)

(Def.'s Mot., Ex. 3 ("EEOC Letter").)

Plaintiff filed his claim for relief under both Oregon law and federal law in Klamath County Circuit Court on November 7, 2007.  (Def. Mot., Ex. 5.)  Ninety days from the BOLI Letter date was November 6, 2007; ninety days from the EEOC Letter date was November 18, 2007.

Defendant removed the case to federal court on December 10, 2007.  (Dkt. #1.)  On December 17, 2007, Defendant filed a motion to compel arbitration.  (Dk. #3.)  Magistrate Judge Mark D. Clarke recommended granting the motion. (Dkt. # 13.)  On July 21, 2008, Judge Owen M. Panner denied Defendant's motion to compel arbitration. (Dk. # 25.)  Defendant appealed to the 9th Circuit. (Dkt. #30.)  On September 18, 2009, the 9th Circuit issued its mandate dismissing the appeal "in its entirety pursuant to the stipulations of voluntary dismissal filed by the parties on September 16, 2009.  (Dkt. #38.)

Defendant filed this motion for partial judgment on the pleadings on November 16, 2009.  (Dkt. # 46.)  Plaintiff voluntarily dismissed his second and fourth claims for relief for state law

REPORT & RECOMMENDATION   3

claims of sexual harassment and retaliation on November 20, 2009. (Dkt. #47.)

### III.    Legal Standard

A motion for judgment on the pleadings under Fed. R. Civ P. 12(c) "faces the same test"

as a motion to dismiss under Rule 12(b)(6). <u>McGlinchy v. Shell Chemical Co.</u>, 845 F.2d 802,

810 (9th Cir.1988). A motion to dismiss under Rule 12(b)(6) will be granted only if "it appears

beyond a reasonable doubt that the plaintiff can prove no set of facts in support of his claim that

would entitle him to relief." <u>Gibson v. United States</u>, 781 F.2d 1334, 1347 (9th Cir.1986), cert.

denied, 479 U.S. 1054, 107 S.Ct. 928, 93 L.Ed.2d 979 (1987). The movant must show that there

are no unresolved material issues of fact and that he is entitled to judgment as a matter of law.

<u>Doleman v. Meiji Mut. Life Ins. Co.</u>, 727 F.2d 1480, 1482 (9th Cir.1984). The review is limited

to the complaint, and all allegations of material fact are taken as true and viewed in the light most

favorable to the non-moving party. <u>Cassettari v. Nevada County, Cal.</u>, 824 F.2d 735, 737 (9th

Cir.1987).

### IV.    Defendant's Motion Should Be Denied

Defendant argues that Plaintiff's Title VII claims are time-barred because Plaintiff did not

file his claims within the 90-day period of the BOLI Letter.  (Def.'s Mot. 4.)  Defendant also

argues that the statute of limitations runs for filing the claims based on the BOLI Letter,

regardless of the later EEOC Letter.  (Def.'s Reply 6.)   Plaintiff argues that his federal claims are

not time-barred because they were filed within the 90-day period set forth in the EEOC Letter.

(Pl.'s Resp. 1.)

#### A.    BOLI and EEOC Letters Provide Different 90-Day Periods

A person who is subject to unlawful employment practices may file a complaint with

BOLI, as provided by Or. Rev. Stat. § 659A.820.  A person may also file a civil action in circuit court under Or. Rev. Stat. § 659A.885 so long as specific requirements are met.  Or. Rev. Stat. § 659A.875(2) provides: "A person who has filed a complaint under ORS 659A.820 must commence a civil action under ORS 659A.885 within 90 days after a 90-day notice is mailed to the complainant under ORS 659A.880."  Accordingly, failure to file a claim for unlawful discrimination under Oregon law within this time period bars Plaintiff from seeking relief for these state law claims in court.  Snook v. Rabold, 2006 WL 2934274, *3 (D. Or. 2006) (Plaintiff's state law claims were untimely filed because they were 92 days past the BOLI Letter.)

The 90-day period applies to filing the Oregon law claim in either state or federal court, even though the BOLI Letter only indicates "circuit court."  In Sharer v. Oregon, the plaintiff argued that his Oregon whistleblower claim was not time-barred from federal district court because his BOLI letter only stated that he had 90 days in which to file in *circuit* court.  481 F. Supp.2d 1156, 1165 (D. Or. 2007).  The court disagreed and held the notice period also applies if plaintiff seeks to file a state law claim in federal court.[1]  Id.

When an aggrieved person files a complaint with BOLI for unlawful employment actions under Or. Rev. Stat. § 659A.820, this filing may also constitute a filing with the EEOC for a unlawful employment action under federal law, based on the same allegations of the BOLI complaint.  Snook v. Rabold, 2006 WL 2934274, *1 fn 1 (D. Or. 2006).  The EEOC will also send the claimant a NRTS letter when it terminates processing the charge.  Similarly, this NRTS letter provides a 90-day period from the receipt of the letter to file a claim based on Title VII or

---

[1]Plaintiff argued that he was permitted to file his Oregon law claim in federal court so long as it was within the 90-day period provided by the EEOC. Though unclear in the decision, the court presumes the ADA claims filed with the EEOC were based on the same allegations that gave rise to the state whistleblower claim.

the ADA.[2]

There may be two NTRS letters mailed on separate days, providing different 90-day periods. Claims under state law are limited by the BOLI letter and claims under federal law, such as Title VII and the ADA, are limited by the EEOC letter.

This distinction becomes important when the plaintiff files a complaint between the periods. In Davis v. Team Electric Co., Plaintiff filed claims for relief under both Oregon law and federal law. However, she filed her claims after her BOLI 90-day period had run but before her EEOC 90-day period had run. The court explained that the claims under Oregon law were time-barred but, "the defendant is not entitled to dismissal of claims alleged in the . . . BOLI complaint which are premised upon Title VII." 2004 WL 1382660, at* 3 (D. Or. 2004). See also Snook, 2006 WL 2934274 at *1;[3] Sharer, 481 F. Supp.2d at 1164.

**B.    Plaintiff's Title VII Claims Are Not Time-Barred**

Plaintiff received his EEOC Letter on or shortly after August 20, 2007. (EEOC Letter.) Ninety days from this date is November 18, 2007. Plaintiff timely filed his Title VII claims in circuit court on November 7, 2007.[4] (Compl. 1.)

Defendant argues that the controlling date for the deadline to file a civil action for all state and federal claims is not the EEOC Letter date of August 20, 2007 but the BOLI Letter date

---

[2]  Plaintiff's EEOC Letter explained, "[y]our lawsuit under Title VII or the ADA must be filed in federal or state court WITHIN 90 DAYS of receipt of this notice. (EEOC Letter.)

[3]  State law claims were time-barred because plaintiff filed 92 days past BOLI Letter date, but the federal claims not time-barred because the filing was within EEOC 90-day period. However, the plaintiff's failure to exhaust administrative remedies on his federal claims ultimately resulted in the claims' dismissal for lack of federal jurisdiction.

[4]  On November 20, 2009, Plaintiff voluntarily dismissed all state-law claims, and the only claims remaining are Title VII claims. (Dkt. #47; Pl.'s Resp. 2.)

REPORT & RECOMMENDATION   6

of August 7, 2007.  (Def.'s Mot. 3.)  Conveniently, the BOLI date places the end of the 90-day

period on November 6, 2007, one date before Plaintiff's filing.

Based on Defendant's interpretation of the law, Defendant believes it is entitled to

judgment on the pleadings.  Defendant cites several cases to support its argument but does not

succeed in convincing this Court.

First, Defendant cites <u>Jensen v. Sweet Home Lodge No. 1072 of Benevolent and</u>

<u>Protective Order of Elks of U.S.</u>, 2007 WL 3051657 (D. Or. 2007), for support.  In <u>Jensen</u>, the

plaintiff commenced a civil action for alleged violation of Title VII on December 21, 2006, more

than 90 days after the BOLI Letter was mailed but less than 90 days after the EEOC Letter was

mailed. <u>Id.</u> *1.  The court dismissed the Title VII claim:  "the court relies on <u>Sharer</u> and finds that

because Jensen failed to file the action at bar within 90 days of receiving the BOLI right to sue

letter, plaintiff's action is dismissed as untimely."[5]  <u>Id.</u> at *3.

<u>Jensen</u>, however, appears to rely on an incomplete interpretation of <u>Sharer</u>.  In describing

that decision, <u>Jensen</u> does not differentiate between <u>Sharer</u>'s Oregon whistleblower claims and

the federal ADA claims.  Unlike Plaintiff Jensen and Plaintiff Miller, the plaintiff in <u>Sharer</u>

argued that he could file his state whistleblower claims within the EEOC 90-day period; the court

disagreed.  <u>Sharer</u>, 481 F. Supp.2d lat 1164 ("[T]he Court concludes Humbler's whistleblower

clam is untimely under § 659A.875(2) because he did not file it within the 90 days of the date

BOLI set his 90-day notice.").  However, as previous case law has explained and the EEOC

---

[5]Interestingly, <u>Jensen</u> also found that there were no valid Title VII claims aside from the timeliness issue: "[m]orever, even if this court were to find plaintiff's action timely filed, defendants' motion to dismiss are granted pursuant to Fed. R. Civ. P. 12(b)(6).  Title VII applies to employers, employment agencies, and labor organizations. 42 U.S.C. §§ 2000e-(2)."  2007 WL 3051657 at *3.

Letter supports, the EEOC 90-day period applies only to the claims under Title VII or the ADA. See Davis, 2004 WL 1382660 at 3; Snook, 2006 WL 2934274 at *3.

Second, Defendant distinguishes the Davis case from the one at bar, arguing that "the Court took great pains to support its decision by referencing the plaintiff's pro se status." (Def.'s Reply 4-5.) Defendant suggests that the Davis court's decision is only applicable to pro se plaintiffs. The Court is confused by this conclusion.

The Davis court does call attention to plaintiff's pro so status in its discussion of the sufficiency of the pleadings. "Because plaintiff is representing herself, her complaint is held to a less strict standard than one drafted by a lawyer." 2004 WL 1382660 at *1. However, the court does not mention a difference in standards for pro se parties when it evaluates the applicable statute of limitations. The court only notes the pro se status to describe the filing date and her employment termination date. Id. at *3. Nothing in the decision suggests the court "took great pains" to do anything.

Third, Defendant also distinguishes Sharer. It argues "that the limitations period specified in ORS 659A.875(2) applies to both state statutory claims commenced in federal court and state statutory claims filed in state court [and] has no bearing on the issue at hand." (Def.'s Reply 4.) The Court, however, disagrees. Sharer's holding shows that which 90-day period applies (either the BOLI or the EEOC) depends on what claims (either state or federal) are being asserted.

Lastly, Defendant references the unpublished Ninth Circuit decision of Hayes v. Hughes Aircraft Corproation, 205 F.3d 1351, 1999 WL 125322 (9th Cir. 1999), based on an EEOC claim under the Age Discrimination in Employment Act. In Hayes, the defendants argued that Hughes's EEOC claim was governed by the state agency, the California Department of Fair

Employment and Housing ("DFEH") time period.  The court agreed:  "[b]ecause California is an ADEA deferral state, in which the EEOC has agreed to defer cases to a state agency for investigation, the statute of limitations began to run when Hayes received the notice from the DFEH, a state agency that partially supplanted the EEOC's investigatory function."  Id. at *1. The court specifically relied on the statute written to explain procedures for ADEA claims, 29 C.F.R. § 1626.10, for this conclusion.

The 9th Circuit decision, however, is inapplicable here.  Though Oregon is a deferral state as it relates to BOLI and the EEOC, Plaintiff's claims are Title VII claims that are not regulated by the ADEA procedure statute relied upon in Hayes.

**V.    Conclusion**

Case law does not support Defendant's motion for judgment on the pleadings, and its motion should be denied.

**VI.    Recommendation**

The Court recommends denying Defendant's motion for judgment on the pleadings. *This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals*.  Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order.

The Report and Recommendation will be referred to a district judge.  *Objections to this Report and Recommendation, if any, are due by February 1, 2010.  If objections are filed, any response to the objections are due within 17 days of service of the objections, see Federal Rules of Civil Procedure 72 and 6.*

Failure to timely file objections to any factual determinations of the Magistrate Judge will

be considered a waiver of a party's right to de novo consideration of the factual issues and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation.

DATED this __13__ day of January, 2010.

_____

Mark D. Clarke

United States Magistrate Judge