FILED'10 JUL 15 11:56 USDC-ORM

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON

MIKE MILLER,

        Plaintiff,

    v.

AQUA GLASS, INC.,

        Defendant.

Civ. No. 07-3088-CL

**ORDER**

**PANNER, J.**

On June 15, 2010, Magistrate Judge Clarke entered an order denying plaintiff's Motion to Enforce the Settlement Agreement [#79]. The same day, plaintiff objected to that order, arguing the order was clearly erroneous or contrary to law. Plaintiff's objection is DENIED.

Prior to the settlement offer at issue, the parties conducted discussions regarding a potential settlement. The offer at issue stated, "In exchange for the settlement [amount],

1 - ORDER

my client will receive a full release of all claims along with a confidentiality agreement." (Declaration of Craig A Crispin in Support of Motion to Enforce Settlement Agreement, Exhibit A, 1-2.) That sentence was the sole reference to the confidentiality agreement in the settlement offer. The offer began by stating, "This follows up on our conversation regarding. . . our settlement discussions." Id.

Plaintiff argues he accepted this offer via text message. Plaintiff's "acceptance" referenced the specific dollar amount, yet made no mention of the confidentiality agreement. (Declaration of Craig A Crispin in Support of Motion to Enforce Settlement Agreement, Exhibit C, 1.) One hour after plaintiff's "acceptance," defendant attempted to clarify the confidentiality portion of the offer. Id. Plaintiff's counsel responded simply by stating, "your offer has been accepted." Id. Defendant's counsel responded by clarifying, and reinforcing, that the offer contained a confidentiality agreement, specifically requesting plaintiff's counsel "let [her] know immediately. If you object." Id. Plaintiff's counsel responded by asking if defense counsel was attempting to add another term after acceptance. Id.

The parties then attempted to reach an agreement on an agreement suitable for signing. During the course of several weeks, the parties sent numerous emails back and forth in attempts to draft a suitable agreement. (Declaration of Craig A

2 - ORDER

Crispin in Support of Motion to Enforce Settlement Agreement, Exhibit F, 1-5.)  Ultimately, the parties were unable to reach an agreement as to the nature of the confidentiality agreement.

Plaintiff argues the attempt to clarify the terms of the confidentiality agreement amount to an attempt by defendant to add new and significant terms to the agreement.  After extensive briefing regarding the context of the offer in dispute, Judge Clarke found "the parties have not agreed to the terms and conditions of settlement, and therefore the case has not settled."  (Document 79.)

A district judge must consider objections to a nondispositive pretrial order of a magistrate judge, setting aside "any part of the order that is clearly erroneous or contrary to law."  Fed. R. Civ. P. 72(a).  Under Oregon law, the party attempting to establish the contract must establish an enforceable agreement exists.  Holdner v. Holdner, 176 Or.App. 111, 120, 29 P.3d 1199 (2001).  "In order to warrant enforcement, proof of the contract must by clear, unequivocal and by a preponderance of the evidence.  In determining whether a contract exists and what its terms are, we examine the objective manifestations of intent, as evidenced by the parties' communications and acts."  Id.

Upon looking at the text messages and emails in the hours and weeks after plaintiff's counsel "accepted" the offer, it is

3 - ORDER

clear the parties never agreed on the extent of the confidentiality agreement. The confidentiality agreement was an essential part of the agreement. Based on the record, Judge Clarke's determination that the parties had not agreed to the terms and conditions of settlement is neither clearly erroneous nor contrary to law.

Plaintiff's objection [#80] to Judge Clarke's order [#79] is DENIED.

IT IS SO ORDERED.

DATED this 15 day of July, 2010.

*/s/ Owen M. Panner*

OWEN M. PANNER
U.S. DISTRICT JUDGE

4 - ORDER